FISCHER v. NEW YORKER STAATS-ZEITUNG.

(Supreme Court, Appellate Division, First Department.    February 2, 1912.)

PLEADING (§ 52*)—COMPLAINT—SEPARATELY STATING AND NUMBERING CAUSES OF ACTION.

    A complaint, in an action for deceit, which alleges that the false representations of defendant induced plaintiff to make each of five contracts set forth, and which claims damages on account of such false representations, sets forth five different causes of action, and under Code Civ. Proc. § 483, defendant is entitled to have the causes of action separately stated and numbered.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Maximillian H. Fischer against the New Yorker Staats-Zeitung. From an order denying a motion to require plaintiff to serve an amended complaint, separately stating and numbering the causes of action alleged in the complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

John E. Donnelly (Alfred J. Amend, on the brief), for appellant.
Lyle Evans Mahan, for respondent.

LAUGHLIN, J.    This is an action to recover damages for deceit. The plaintiff alleges that in the month of March, 1897, he made a contract with the defendant, which was the publisher of a newspaper known as the New Yorker Staats-Zeitung, by which he became its special advertising agent, to secure advertising matter for the newspaper, and the defendant became obligated to pay him a specified commission on advertising matter solicited by him and on future business with the customers he obtained. He alleges that he was induced to make the contract by false and fraudulent representations made by the defendant with respect to the daily circulation of its newspaper, which it knew to be false; that he was authorized to and did represent, in soliciting advertisements, that the daily circulation was as represented to him by the defendant, when in fact it was from 20,-000 to 30,000 copies less; that he did not discover the falsity of the representations until the 1st day of February, 1910; and that he sustained large damages thereby. The plaintiff further alleges that he entered into a similar contract with the defendant in January, 1907, and that this contract "was subsequently renewed for each of the years 1908, 1909, and 1910," and that plaintiff entered into and continued in defendant's employ under the first contract until the 1st day of January, 1907, and in the years 1907, 1908, 1909, and 1910, until the 1st day of February of that year, under the contracts made for those respective years. He further alleges that like false representations were made to induce him to enter into each of the contracts, and that he was likewise deceived thereby.

Without expressing any opinion as to the sufficiency of the allegations of the complaint to show substantial damages, we are of opinion that the plaintiff has attempted to set forth five different causes of action, and he should, therefore, be compelled to separately state and number them. He pleads five different contracts, and he claims damages on account of the false representations of the defendant in inducing him to make each of the contracts. The defendant was therefore entitled to have the causes of action separately stated and numbered, as required by the provisions of section 483 of the Code of Civil Procedure.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.